By the Court,

Savage, Ch. J.
By the revised statutes, any person except infants may appear in a suit before a justice, either in person or by attorney, and such person may appoint any other person as such attorney; but. the constable who served either the original or jury process in the cause, shall not appear and advocate for either party at the trial, but may act as attorney in any other stage or proceeding in the cause.
Previous to the year 1807, constables were in the habit of acting as counsel in justices’ courts, and even justices of the peace sometimes appeared as counsel before other justices. In the case of Tallman v. Woodworth, 2 Johns. R. 385, the fact *appeared that the constable, who summoned the jury, acted as counsel and attended the jury. There was no objection to it, before the justice, and this court affirmed the judgment, saying that no form of proceeding had been violated and no abuse was shown ; but they condemned the practice of allowing a constable, who acts as an officer in the cause, to appear as attorney for either party. At the next session of the legislature it *75 was enacted, “ that no constable serving the original or jury process in any cause, shall be permitted to appear and advocate for either party in any such cause,” and that no justice of the peace shall be permitted to appear and advocate for any party before such court. Laws of 1808, sess. 31, ch. 204, § 26, 27. This statute received a construction in the cases of Phinney v. Earle, and Kittle v. Baker, 9 Johns. R. 353 and 354. In both those cases the constable appeared for the plaintiff on the return of the summons, and put in a declaration, to which a plea was put in by the defendant, and the cause adjourned. No objection was made to the constable’s appearing. The court said there was no error ; that the constable did not “ appear and advocate.” They lay emphasis upon the fact that he did not appear at the trial, but his appearance was confined to the mere exhibition of the plaintiff’s demand ; and this, they held, was not within the act of 1808. This provision of the act of 1808 was re-enacted in 1813 and in 1824. The revised statutes seem to embrace the former statute, with the exception made in its construction in Phinney v. Earle, where the court say that the constable did not appear and advocate within the meaning of the act, by merely appearing to present the note to the justice. The legislature say that the constable shall not appear and advocate for either party at the trial, but may act as attorney in any other stage or proceeding in the catuse. It would seem, therefore, that appearing and advocating, means appearing as attorney at the trial. In this case, the constable appeared at the trial and proved the plaintiff’s cause of action ; this was within the meaning of the statute, appearing and advocating at the trial. The common pleas should therefore have reversed the judgment of the justice.
Judgment reversed, with single costs.